UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| YAMEN E. SLAIEH, | § | |
| On Behalf of Himself and Others | § | |
| Similarly Situated | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. A09-CA-695LY |
| | § | |
| v. | § | |
| | § | |
| CARINO'S ITALIAN KITCHEN, INC., | § | |
| | § | |
| Defendant. | § | |

### STIPULATION OF SETTLEMENT OF A COLLECTIVE ACTION AND PROPOSED NOTICE TO CLASS MEMBERS

This Stipulation of Settlement of a Collective Action ("Stipulation" or "Settlement") is made and entered into by and among the following Settling Parties:  (i) the Representative Plaintiff (on behalf of himself and each of the Settlement Class Members), by and through counsel of record in the Litigation; and (ii) Defendant, by and through counsel of record in the Litigation.  The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Litigation and all of the Released Claims upon and subject to the terms and conditions hereof.

### RECITALS

WHEREAS, on September 21, 2009, Yamen E. Slaieh ("Representative Plaintiff") filed this putative collective action lawsuit in the United States District Court for the Western District of Texas pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* against Defendant Carino's Italian Kitchen, Inc.

WHEREAS, on April 9, 2010, Plaintiff filed a First Amended Complaint.

WHEREAS, on October 20, 2009, Defendant filed its Original Answer to Plaintiffs' Original Complaint and subsequently filed its First Amended Answer to Plaintiffs' First Amended Complaint and in each such Answer, denied the material allegations of Plaintiffs' Complaint.

WHEREAS, in addition to the Representative Plaintiff, five (5) individuals have consented to join this Litigation as of the date of execution of this Agreement.

WHEREAS, in November, 2009, the parties agreed to stay the Litigation to explore early resolution of the Litigation through settlement negotiations.

WHEREAS, as a condition of settlement negotiations, the parties exchanged information and data necessary to fully and fairly evaluate the claims of existing and putative class members, including information relating to the size of the putative class, weeks worked by class members, and class compensation data.

WHEREAS, on or about January 20, 2010, the parties reached a settlement.

WHEREAS, Defendant denies all of the allegations in the Litigation and any and all liability and damages of any kind to anyone with respect to the alleged facts or causes of action asserted in the Litigation, and denies that this case should be litigated on a collective action basis, but nonetheless, without admitting or conceding any liability or damages whatsoever or the propriety of collective action status for trial purposes, has agreed to settle the Litigation on the terms and conditions set forth in this Stipulation to avoid the burden, expense, and uncertainty of continuing the Litigation.

WHEREAS, the parties recognize that the outcome in the Litigation is uncertain and that achieving a final result through the litigation process would require substantial additional risk, discovery, time, and expense.

WHEREAS, the Representative Plaintiff and his counsel have conducted an investigation and evaluation of the facts and law relating to the claims asserted in the Litigation and believe, in view of the costs, risks, and delay of continued litigation balanced against the benefits of settlement, that the settlement as provided in this Stipulation is in the best interest of class members and that the settlement provided in this Stipulation represents a fair, reasonable, and adequate resolution of the Litigation.

WHEREAS, the parties have agreed to settle this case as to the Representative Plaintiff, those individuals who have filed consent to join, and those individuals who worked for Defendant as Servers who were employed at the Carino's Italian restaurant located at 5900 South Hulen Street, Ft. Worth, Texas 76132, between September 21, 2006 to September 23, 2009, and who choose to join this settlement.

WHEREAS, the parties agree to undertake their best efforts, including all steps and efforts that may become necessary by order of the Court, to effectuate the terms and purposes of this Stipulation.

NOW THEREFORE, the parties, intending to be legally bound and in consideration of the mutual covenants and other good and valuable consideration set forth below, do hereby agree as follows:

I.      **Terms of Stipulation and Settlement.**

IT IS HEREBY STIPULATED AND AGREED by and among the Representative Plaintiff (for himself and the Settlement Class Members), Plaintiffs' Counsel, and Defendant that the Litigation and all Released Claims shall be finally and fully compromised, settled and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation and the Judgment entered to that effect by the Court.

1.      <u>Definitions</u>.  As used in this Stipulation, the following terms have the meanings specified below:

1.1     **"Approval Order"** means an Order granting approval of this Stipulation and authorizing Plaintiff's Counsel to send the Notice of Settlement and Opportunity to Participate in Settlement to the Class Members, in the same or substantially the same form as Exhibit "A."

1.2     **"Consent to Join the Settlement and Claims Release Form"** means the form through which Class Members can seek to opt into the settlement of the Litigation and submit a claim for payment under the Stipulation in the same or substantially the same form as Form "A" to the Notice of Settlement.

1.3     **"Class"** means the group of persons who are or were employed by the Defendant as hourly paid employees in the position of Server at the Carino's Italian restaurant located at 5900 South Hulen Street, Fort Worth, Texas 76132.

1.4     **"Class Member"** or **"Member of the Class"** means any person who is a member of the Class.

1.5     **"Class Period"** means September 21, 2006 through September 23, 2009.

1.6     **"Current Opt-In Plaintiffs"** means the five plaintiffs who opted in to this Litigation prior to the January 20, 2010 settlement.

1.7     **"Defendant"** or **"Carino's"** means Carino's Italian Kitchen, Inc., including each of its respective affiliates, parent companies, subsidiaries, successors, d/b/a's and related entities.

1.8     **"Defendant's Counsel"** means Winstead PC.

1.9     **"Effective Date"** means the date on which the Judgment becomes Final.

1.10    **"Final"** means: (i) if any appeal from or challenging the Judgment is perfected, the first date upon which all such appeals are finally exhausted without any modification of the Judgment inconsistent with the terms of this Agreement, or (ii) if no such appeal is perfected, the expiration date of the time for the filing or noticing of any appeal from the Judgment approving the Agreement, *i.e.*, thirty (30) days after entry of the Judgment.

1.11    **"Judgment"** means the judgment of dismissal with prejudice to be rendered by the Court.

1.12    **"Last Known Address or Last Known Addresses"** means the most recently provided and recorded address for a Class Member(s) as contained in the employment or personnel records of Defendant.

1.13    **"Minimum Wage Rate"** means the following applicable minimum wage rates pursuant to the Fair Labor Standards Act that were in effect during the Class Period:

| | |
|---|---|
| September 21, 2006 to July 23, 2007 | $5.15 per hour |
| July 24, 2007 to July 23, 2008 | $5.85 per hour |
| July 24, 2008 to July 23, 2009 | $6.55 per hour |
| July 24, 2009 to September 23, 2009 | $7.25 per hour |

1.14   **"Minimum Overtime Rate"** means the following applicable minimum overtime wage rates pursuant to the Fair Labor Standards Act that were in effect during the Class Period:

| | |
|---|---|
| September 21, 2006 to July 23, 2007 | $7.73 per hour |
| July 24, 2007 to July 23, 2008 | $8.78 per hour |
| July 24, 2008 to July 23, 2009 | $9.83 per hour |
| July 24, 2009 to September 23, 2009 | $10.88 per hour |

1.15   **"Representative Plaintiff"** means Yamen E. Slaieh.

1.16   **"Non-Settlement Class"** means the group of Class Members who, after mailing of the Notice of Settlement by Plaintiffs' Counsel and after the passing of the notice response deadline, have not opted into the settlement and accepted the terms of the settlement set forth in the Stipulation.

1.17   **"Non-Settlement Class Member"** or **"Member of the Non-Settlement Class"** means any person who is a member of the Non-Settlement Class.

1.18   **"Notice of Settlement and Opportunity to Participate in Settlement"** or **"Notice of Settlement"** means the Notice to be sent to Class Members, assuming the Approval Order is entered, in the same or substantially the same form as Exhibit "A" to this Stipulation.

1.19   **"Notice Mailing Date"** shall mean the date on which Plaintiffs' Counsel anticipates the Notices of Settlement will be mailed in accordance with the timing restrictions imposed in this Stipulation.

1.20   **"Notice Response Deadline"** shall be the date that is ninety (90) days after Plaintiffs' Counsel mails the Notices of Settlement pursuant to Paragraph 2.4.3.

1.21 **"Plaintiffs' Counsel"** means The Kern Law Firm and Brown Pruitt Peterson & Wambsganss, P.C.

1.22 **"Potential Opt-In Plaintiffs"** means the approximately 181 persons who have not opted into this Lawsuit prior to the January 20, 2010 settlement and are members of the Class.

1.23 **"Qualifying Consent to Join the Settlement and Claims Release Form"** or **"Qualifying Consent to Join Form"** means a Consent to Join the Settlement and Claims Release Form that is fully executed, completed and timely returned to Plaintiffs' Counsel.

1.24 **"Qualifying Workweek"** means any full workweek used by Defendant, *i.e.*, the workweek commencing at 12:01 a.m. Thursday and ending at midnight the following Wednesday, during which a Class Member worked any time in a job classification included in the Class definition during the Class Period.

1.25 **"Reasonable Identification Measure"** shall be the performance of an address trace through any reasonable means including, but not limited to, the use of the National Change of Address Database.

1.26 **"Released Claims"** means any and all claims, including "Unknown Claims" as defined in Paragraph 1.33 hereof, demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, against any or all of the Released Parties for the payment of wages, tips, overtime, off-the-clock work, failure to provide and/or pay for rest or meal breaks (or any associated wage claims for liquidated damages, penalties, benefit plan contributions, costs, interest, attorneys' fees, equitable relief or any other related remedies) under any statutory or common law

theories, from the beginning of time through the date of the Judgment.  Such Released Claims shall include without limitation the wage claims in the Litigation and any other wage claims, including but not limited to claims for wages and related damages brought under the Fair Labor Standards Act, as amended; the Equal Pay Act, as amended; and the Employee Retirement Income Security Act of 1974, as amended.

1.27   **"Released Parties"** means Defendant Carino's Italian Kitchen, Inc. and each of its past, present or future parents, subsidiaries, affiliates, predecessors, successors, divisions, joint ventures, suppliers and assigns, and each of their past, present or future shareholders, officers, directors, employees, limited or general partners, members, principals, agents, trustees, underwriters, insurers, equity holders, representatives, heirs, administrators, attorneys, accountants or auditors, legal representatives, fiduciaries, assigns, subrogees, executors, d/b/a's or other agents, and any and all other related entities.  Without in any way limiting and in addition to the foregoing, the definition of "Released Parties" for the purpose of this Agreement shall mean and include Fired Up, Inc.

1.28   **"Settlement Class"** means the group of persons who are Members of the Class and who submit Qualifying Consent to Join the Settlement and Claims Release Form.

1.29   **"Settlement Class Member"** or **"Member of the Settlement Class"** means a Class Member who is a member of the Settlement Class.

1.30   **"Settlement Award"** means the gross amount of money due a Settlement Class Member under Paragraph 2 of this Stipulation.

1.31   **"Settling Parties"** means the Released Parties and the Representative Plaintiff on behalf of himself and all members of the Settlement Class.

1.32   **"Stipulation"** means this agreement.

1.33   **"Unknown Claims"** means any Released Claim which Representative Plaintiff or Settlement Class Member does not know or suspect to exist in his or her favor for the payment of wages (or any associated wage-related claims for liquidated damages, penalties, benefit plan contributions, costs, interest, attorneys' fees, equitable relief or any other related remedies) at the time of the release of the Released Parties which, if known by him/her, might have affected his/her settlement with and release of the Released Parties, or might have affected his/her decision to opt into the Lawsuit or not to object to this settlement.   The Representative Plaintiff and Settlement Class Members may hereafter discover facts in addition to or different from those which he/she now knows or believes to be true with respect to the subject matter of the Released Claims, but the Representative Plaintiff shall expressly, and each Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or   unsuspected, contingent or non-contingent, asserted or unasserted, which now exist, or heretofore have existed for the recovery of any unpaid wages and other damages, costs and fees related to those unpaid wages.   The Representative Plaintiff acknowledges, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

1.34   **"Updated Address"** shall mean an updated address added to the Class Member database by Plaintiffs' Counsel as the result of a Reasonable Identification Measure.

1.35   **"Verified Corrected Address"** shall mean a corrected address provided to Plaintiffs' Counsel by way of a timely and proper response to the Notice of Settlement.

2.   <u>The Settlement</u>.

2.1   *Consideration to Settlement Class Members*

2.1.1   Conditioned on satisfaction of all other requirements imposed by this Stipulation, Defendant shall pay or cause to be paid to each Settlement Class Member on a *pro rata* basis, his or her Settlement Award as follows:   The Settlement Award (before any reduction for tax withholding) shall be an amount equal to the product of 2.5 hours per Qualifying Workweek for each Qualifying Workweek worked during the Class Period by the Settlement Class Member, multiplied by (i) the Minimum Pay Rate in effect during the applicable Qualifying Workweek for any portion of the 2.5 hours that would have been less than 40 hours worked in each Qualifying Workweek, or (ii) the Minimum Overtime Rate in effect during each Qualifying Workweek for any portion of the 2.5 hours that would have been greater than 40 hours worked in each Workweek (the "Base Amount").   In addition, the Settlement Award to be paid to each Potential Opt-In Plaintiff who is a Member of the Settlement Class shall include an amount that is equal to fifty-percent (50%) of the Base Amount and, for the Named Plaintiff and five Current Opt-In Plaintiffs, an amount that is equal to one hundred percent (100%) of the Base Amount, for liquidated damages and interest.

2.1.2    Dependant upon the number of persons making up the Settlement Class, the minimum and maximum monetary amounts Defendant shall be required to pay under this settlement for payment in the aggregate of Settlement Awards to Settlement Class Members shall not be less than or greater than the following amounts:

| Number of Settlement Class Members | Minimum and Maximum Monetary Amount |
|---|---|
| 10 or less | $7,500 to $14,999 |
| 11 to 25 | $15, 000 to $24,999 |
| 26 to 50 | $25,000 to $49,999 |
| 51 to 100 | $50,000 to $99,999 |
| More than 101 | $100,000 to $275,000 |

2.1.3        For purposes of determining the number of Settlement Class Members under this Paragraph, Settlement Class Members shall include the five (5) Current Opt-In Plaintiffs, and the Representative Plaintiff.

2.1.4    In the event the aggregated total of the Settlement Awards for all Settlement Class Members, calculated in accordance with Paragraph 2.1.1 above, exceeds the maximum liability amount referenced in Paragraph 2.1.2 above, then the Settlement Award for each Settlement Class Member shall be reduced proportionately so that the total aggregated liability of Defendant equals the maximum monetary amount referenced in Paragraph 2.1.2 above.  In the event the aggregated total of the Settlement Awards for all Settlement Class Members, calculated in accordance with Paragraph 2.1.1 above, is less than the minimum liability amount referenced in Paragraph 2.1.2 above, then the Settlement Award for each Settlement Class Member shall be increased proportionately so that the

total aggregated liability of Defendant equals the minimum monetary amount referenced in Paragraph 2.1.2 above.

2.1.5    Defendant shall pay to Plaintiffs' Counsel One Hundred Thousand and No/100 Dollars ($100,000.00), conditioned on satisfaction of all other requirements imposed by this Stipulation, for attorneys' fees and costs. Payment to Plaintiffs' Counsel for attorneys' fees and costs will be made by check to Plaintiffs' Counsel within fifteen (15) calendar days of the Judgment becoming Final.  In the event Plaintiff's Counsel is required to make a fee award application consistent with the amounts outlined above, Defendant agrees to support such application.

2.2    *Taxes and Withholdings on Payments to Settlement Class Members*

2.2.1    Other than as set forth in Paragraph 2.2.2, Settlement Class Members shall be solely responsible for the reporting and payment of any federal, state and/or local income or employment taxes on his/her Settlement Award described above.  Defendant makes no representations as to the taxability of any portions of the settlement payments, and it is understood and agreed that Defendant has made no such representations.

2.2.2    Defendant shall report the Base Amount payment made pursuant to Paragraph 2 in settlement of unpaid wage claims to the Internal Revenue Service (and any other relevant government agencies) as wage income in the year of payment on a Form W-2 or similar form issued to each respective Settlement Class Member.  This payment will be subject to normal required withholdings, and the Representative Plaintiff and Plaintiffs' Counsel agree that because of these

withholdings, the net amount payable on the claim for unpaid wages will be less than 100% of the gross Settlement Award.  Defendant shall report the payments allocated to liquidated damages and interest made pursuant to Paragraph 2 to the Internal Revenue Service (and other relevant governmental agencies) as non-wage income in the year of payment on a Form 1099, Box 3, or similar form issued to each respective Settlement Class Member.  The payment allocated to attorneys' fees shall be reported as provided in Paragraph 2.8.3.

2.2.3    With regard to both current and former employees who are Settlement Class Members, Defendant will not, unless otherwise required by law, make any other deductions, withholdings or additional payments, including without limitation, medical or other insurance payments or premiums, employee 401(k) contributions or matching employer contributions, wage garnishments, or charity withholdings.

2.3    *Court Approval of Settlement and Notice to the Class*

2.3.1    The Settling Parties, through their counsel of record, will respectfully request that the Court enter the Approval Order.  Such Order will (1) provide for approval of the collective action settlement; (2) authorize the mailing of the appropriate notices; and (3) provide for entry of Judgment after the Notice Response Deadline has passed.  Failure of the Court to enter the Approval Order in its entirety or in a substantially similar form as requested by the Settling Parties will be grounds for Plaintiffs or Defendant to terminate the settlement and the terms of this Stipulation pursuant to Paragraph 2.10.1.

2.3.2     If the Court enters the Approval Order (or a substantially similar order) after May 3, 2010, the Settling Parties shall confer to reach agreement on any necessary revisions to the deadlines and timetables set forth in this Stipulation.  In the event that the Settling Parties fail to reach such agreement, either of the Settling Parties may apply to the Court for modification of the dates and deadlines in this Stipulation.  Such modifications shall be limited only to alterations of dates and deadlines.

2.4     *Notice of Settlement to Class Members*

2.4.1     If, pursuant to Paragraph 2.3.1 of this Stipulation, the Court enters the Approval Order and provides authorization to send the Notice of Settlement to the Class, then within fifteen (15) days of the Court's order, Defendant shall provide to Plaintiffs' Counsel a database or spreadsheet containing the following information: the name, Last Known Addresses, and social security  numbers, together with the start date(s) and end of employment date(s), if applicable, for the Potential Opt-In Plaintiffs, Representative Plaintiff and Current Opt-In Plaintiffs, and any additional reasonable information necessary to perform the mailings of Notice required by this Agreement .

2.4.2     Plaintiffs' Counsel will facilitate the mailing of the Notice of Settlement, via regular first class mail with postage affixed, to all Class Members at their Last Known Address.

2.4.3     Unless the parties agree otherwise in writing or the Court so orders, each of the Notices shall be sent to the Last Known Addresses of the Class Members no later than thirty (30) days after the Court enters the Approved Order.

2.4.4     Unless Plaintiffs' Counsel receives a Notice of Settlement returned from the United States Postal Service for the reason discussed below in this Paragraph, that Notice shall be deemed mailed and received by the Class Member to whom it was sent ten (10) days after mailing.  In the event that at any time prior to the Notice Response Deadline, a Notice of Settlement is returned to Plaintiffs' Counsel by the United States Postal Service as undelivered for any reason, for example because the address of the recipient is no longer valid, the envelope is marked "Return to Sender", etc. Plaintiffs' Counsel shall use the methods identified in the Reasonable Identification Measure to attempt to ascertain the current address of the Class Member in question and, if such an address is ascertained, Plaintiffs' Counsel will re-send the Notice of Settlement to the Updated Address within seven (7) days of receiving the returned Notice.  If no such address is found after the Reasonable Identification Measure, Plaintiffs' Counsel will re-send the Notice of Settlement to the original Last Known Address, and it shall be deemed mailed and received at that point.  Re-mailing of notices as provided for in this Paragraph 2.4.4. shall extend by thirty (30) days (from the 90 days provided in Par. 1.20 to 120 days) the Notice Response Deadline as it relates only to the Class Member in question.

2.4.5     Prior to, and as a condition precedent to, Plaintiffs' Counsel resending the Notice of Settlement, as provided for in Paragraph 2.4.4, Plaintiffs' Counsel shall provide a copy to Defendant's Counsel of the envelope or other evidence demonstrating the Notice of Settlement was returned and not delivered.

2.5     *Responses to the Notices*

2.5.1    Members of the Class who wish to opt into this settlement and receive payment pursuant to this Stipulation must fully complete, execute and mail, per the instructions therein, the Consent to Join the Settlement and Claims Release Form.  Members of the Class who submit, per the instructions in the Notice of Settlement, a Qualifying Consent to Join the Settlement and Claims Release Form will become Members of the Settlement Class and will be subject to the Judgment in this action.  If a Qualifying Consent to Join the Settlement and Claims Release Form is not received by Plaintiff's Counsel on or before the Notice Response Deadline from a Class Member (including the 30-day extended deadlines under Paragraph 2.4.4 for those Class Members whose Notices are returned and not delivered), then that Class Member will be deemed to be a Member of the Non-Settlement Class, he/she will be deemed to have forever waived his/her right to be a Settlement Class Member, and he/she shall not derive any benefit, nor suffer any detriment, substantive or procedural, as a consequence of this Litigation and will not be bound by the terms of the settlement.

2.5.2    Class Members who have filed signed consent notices with the Court to participate in this Litigation prior to the Settling Parties' execution of this Stipulation shall be considered Settlement Class Members but must submit the attached Notice of Consent to Join the Settlement and Claims Release Form to Plaintiffs' Counsel to qualify for payment under Paragraph 2.1.1.

2.5.3    From the time at which the Notices of Settlement are mailed through the date that is two (2) weeks after the Notice Response Deadline, Plaintiffs' Counsel will provide monthly summary reports to Defendant's Counsel

identifying the names of those Members of the Class who have submitted Qualifying Consent to Join the Settlement and Claims Release Forms.  No more than twenty-one (21) days after the Notice Response Deadline, Plaintiffs' Counsel shall provide a summary report to Defendant's Counsel identifying which Members of the Class responded to the Notice of Settlement, together with copies of the Qualifying Notice of Consent to Join the Settlement and Claims Release Form from each Class Member.

2.5.4    Within thirty (30) days after receipt of each monthly summary report from Plaintiffs' Counsel and within twenty-one (21) days after receipt from Plaintiffs' Counsel of the summary report identifying those Members of the Class who have submitted Qualifying Notice of Consent to Join the Settlement and Claims Release Forms, Defendant shall provide to Plaintiffs' Counsel: (a) a spreadsheet reflecting each Settlement Class Member's respective Settlement Award in accordance with Paragraphs 2.1.1 through 2.1.3 above and (b) relevant employment records for each Settlement Class Member that evidence the basis for the calculations made in connection with each Settlement Award.  These relevant employment records will include, but not be limited to, (a) pay records showing all dollar amounts earned by each Settlement Class Member during each Qualifying Workweek while employed by Defendant; (b) time records showing all time worked by each Settlement Class Member during each Qualifying Workweek while employed by Defendant. Within twenty-one (21) days after receipt of the spreadsheet and other information demonstrating Settlement Awards to each Member of the Class, Plaintiffs' Counsel shall advise Defendant's

Counsel in writing of whether such Settlement Award amounts are correct or any corrections that may be required and the basis for same.  Within fifteen (15) days of the final Settlement Awards being agreed to by the Settling Parties and paid to the Settlement Class Members in accordance with the terms of this Stipulation, Plaintiffs' Counsel shall file with the Court an Agreed Order dismissing the case, in its entirety, with prejudice.

      2.5.5     Class Members who, for future reference and mailings from the Court or Plaintiffs' Counsel, if any, wish to change the name or address listed on the envelope in which the pertinent notice was mailed, must notify Plaintiffs' Counsel of their desire to do so. They may do this by fully completing, executing and mailing, per the instructions therein, the form entitled "Change of Name or Address Information" attached to the Notice of Settlement as Form B, or by any other means acceptable to Plaintiffs' Counsel.  The submission of a Change of Name or Address Form by a Class Member alone (without a Qualifying Consent to Join the Settlement Form) will not be deemed an election to be part of the Settlement Class.

      2.5.6     To the extent a Class Member returns a reasonably complete Consent to Join the Settlement Form by the Notice Response Deadline (including by the extensions of that Deadline as provided herein) they will be entitled to participate in the settlement as provided herein. A reasonably complete Consent, for purposes of this Settlement, means a substantially completed Consent to Join form that is signed by the Class Member evidencing a desire to participate in the Settlement and a willingness to be bound by the terms and conditions of the

Settlement. In the event there is a dispute between Counsel concerning whether a Consent is reasonably complete, that dispute will be submitted to the Court for resolution. If any Consent to Join the Settlement Form is returned in a not reasonably complete way, Plaintiffs' Counsel shall at their option either request the Court to Order that Class Member to be bound by the Settlement, or provide a cure letter informing that Class Member that his or her Consent to Join was insufficient, identifying the additional information necessary, and also reminding the Class Member of the Notice Response Deadline.  The Class Member shall be entitled to participate in the settlement provided Plaintiffs' Counsel receives a corrected Consent to Join Form on or before the Notice Response Deadline. Provided, however, that the 30 day extensions provided in Par. 2.4.4 above will then apply.

2.6     *Payments to Settlement Class Members*

2.6.1     Within fifteen (15) days of, and only after, the Effective Date (and the associated entry of the Judgment), Defendant shall tender to Plaintiffs' Counsel two checks (one for back wages and one for liquidated damages as described above) for each Settlement Class Member and the Representative Plaintiff in the amount equal to their respective *pro rata* Settlement Award as defined in this Stipulation.

2.6.2     Plaintiffs' Counsel shall distribute the settlement checks to the Representative Plaintiff and Settlement Class Members by mailing the checks via first-class mail to each.   If any such mailing is returned as undeliverable, Plaintiffs' Counsel shall promptly attempt to locate the person, using a

Reasonable Identification Measure for the individual involved.  Any settlement check that remains undeliverable or is not cashed after one hundred and eighty (180) days following its issuance shall be cancelled or voided, and the aggregate amount of such cancelled and voided checks shall be returned to Defendant and shall be reissued in a single check made payable to Plaintiffs' Counsel and to be held in the trust account of Plaintiffs' Counsel for a period of an additional one hundred and eighty (180) days during which time Plaintiffs' Counsel will exercise all due diligence to assure that the intended amounts are paid to each of the Settlement Class Members so effected. If at the conclusion of this one hundred and eighty (180) days, any of such funds remain in the trust account of Plaintiffs' Counsel then Plaintiffs' Counsel may, at their option, continue their efforts to locate and pay the effected Settlement Class Members, or donate the remaining funds to an organization which assists low wage workers to understand the pay laws and to be paid for their work as required by those laws; provided, however, that regardless of whether such person receives the funds, he/she will be considered a Settlement Class Member for all purposes herein.

2.6.3    Defendant shall not be responsible for or pay any interest of any form on any of the Settlement Awards paid or to be paid to Settlement Class Members or any payments made or to be made to Plaintiffs' Counsel or Representative Plaintiff pursuant to this Stipulation.

2.7    *Releases and Dismissals*

2.7.1    Upon the Effective Date, the Representative Plaintiff and each of the Settlement Class Members shall be deemed to have, and by operation of the

Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties.

2.7.2    On the Effective Date, the claims of the Non-Settlement Class shall remain in the same position with regard to the pertinent statute of limitations as if the Lawsuit was never filed.  This Stipulation does not constitute any tolling agreement of any kind for any putative Plaintiffs who do not opt-in to this case by executing and filing the necessary Consent forms.

2.8    *Payment of Costs and Attorneys' Fees to Plaintiffs' Counsel*

2.8.1    Representative Plaintiff and Plaintiffs' Counsel agree and represent that the amount paid to Plaintiffs' Counsel for attorneys' fees and costs under Paragraph 2.1.4 above is reasonable under the circumstances of this Litigation.  Based upon this representation, Defendant agrees not to take a contrary position before the Court; and Representative Plaintiff and Plaintiffs' Counsel agree, presuming the Court enters the Approval Order and approves the terms and conditions of the settlement in their entirety, or in a substantially similar form as requested by the Settling Parties, not to seek amounts for attorneys' fees, costs, or any other expense of the Litigation in excess of the allocation provided for in Paragraph 2.1.4.

2.8.2    Defendant shall have no responsibility for, and no liability with respect to, any claim for any payment made pursuant to this Stipulation for attorneys' fees or other costs or expenses of the Litigation asserted by any Settlement Class Member or any other person, with the sole exception of a claim by Plaintiff's Counsel of Record for the payment of attorneys' fees pursuant to this

Stipulation, provided, however, that Defendant's liability for attorneys' fees shall be no more than that which is provided in Paragraph 2.1.4.

   2.8.3  Within fifteen (15) days of the Effective Date, and only if the Effective Date occurs, Defendant shall make the payment provided for herein for attorneys' fees and costs, provided that such payment shall be in an amount no greater than that provided for by Paragraphs 2.1.4 for attorneys fees, costs and other expenses, to Plaintiffs' Counsel directly, and this payment shall be reported to the Internal Revenue Service via a Form 1099 as non-employee income to Plaintiffs' Counsel.  Prior to the Effective Date, Plaintiffs' Counsel shall provide counsel for Defendant with their respective taxpayer identification numbers and written instructions for payment of the attorneys' fees and costs.  Defendant shall have no liability to any of Plaintiffs' Counsel with respect to payment of attorneys' fees and costs pursuant to the directions received from Plaintiffs' Counsel, if there is some dispute among Plaintiffs' Counsel as to the proper allocation of this payment amongst themselves.  Other than with respect to the award of attorneys' fees as provided in this Stipulation, no party shall be deemed the prevailing party for any other purposes of the Litigation.

 2.9  *Payments to Representative Plaintiff and Mutual Releases*

   2.9.1  Defendant will pay the Representative Plaintiff, in addition to his Settlement Award as provided for in Paragraph 2.1.1, the sum of $100.00 in settlement of all claims for services as Representative Plaintiff in this Lawsuit. Further, Defendant and the Representative Plaintiff agree to fully and finally release each other of all claims, known or unknown, including any claims of any

nature (i.e., not limited to wage claims) against each other related to the Representative Plaintiff's former employment with Defendant.

2.9.2    The Representative Plaintiff and Defendant will execute a form of mutual general release to be provided by Defendant in accordance with Paragraph 2.9.1.

 2.10    *Termination of Settlement*

2.10.1    In the event that the terms and conditions of the settlement as set forth in this Stipulation are not approved in their entirety or substantially as is by the Court, or in the event that the Judgment does not become Final, no payments shall be made by, or on behalf of, Defendant to anyone pursuant to this Stipulation, and this Stipulation shall be deemed null and void with no effect on the Lawsuit whatsoever.

 2.11    *Miscellaneous Provisions*

2.11.1    No person shall have any claim against Plaintiffs' Counsel, Defendant or Defendant's Counsel based on the payments made or other actions taken substantially in accordance with this Stipulation and the settlement contained herein or further orders of the Court.

2.11.2    In the event that the Stipulation is not substantially approved by the Court or the settlement set forth in the Stipulation is terminated, cancelled, declared void or fails to become effective in accordance with its terms, or if the Judgment does not become Final, or the Judgment is reversed or vacated or the Stipulation is invalidated on appeal, or to the extent cancellation pursuant to this paragraph is otherwise provided for in this Stipulation, the Settling Parties shall

resume the Litigation at that time as if no Stipulation had been entered.  In such event, the terms and provisions of the Stipulation shall have no force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.  In such event, the negotiation and execution of this Stipulation shall not serve to toll the statute of limitations for any claims not otherwise already tolled by the filing of a valid Consent as provided by law. Notwithstanding any other provision of this Stipulation, no order of the Court or modification or reversal on appeal of any order of the Court concerning the amount of attorneys' fees to be paid to Plaintiffs' Counsel shall constitute grounds for cancellation or termination of the Stipulation, nor shall it constitute grounds for modification of any terms of the Stipulation other than the provisions concerning the payment of fees and costs.

2.11.3   The Settlement comprises claims which are contested in good faith and shall not be deemed an admission by any of the Settling Parties as to the merits of any claim or defense.  The Settling Parties agree that the amounts paid as a result of this settlement and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

2.11.4    Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to, or in furtherance of, the Stipulation or the Settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the Released Claims, or of any wrongdoing or liability of any Released Party; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Released Party in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

2.11.5    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties.

2.11.6    The Stipulation constitutes the entire agreement among the Settling Parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each party shall bear its own costs.

2.11.7    Plaintiffs' Counsel, on behalf of the Class, are expressly authorized by the Representative Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effect its terms, and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

2.11.8    Each counsel or other person executing the Stipulation on behalf of any party hereto hereby warrants that such person has the full authority to do so.

2.11.9    The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court.

2.11.10  The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto; but this Stipulation is not designed to create any third party beneficiaries except for the non-defendant Released Parties.

2.11.11  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

2.11.12  The Stipulation shall be considered to have been negotiated, executed and delivered, and to have been wholly performed, in the State of Texas, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Texas without giving effect to that State's choice of law principles.

2.11.13  The language of all parts of this Stipulation shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either party.  No party shall be deemed the drafter of this Stipulation.  The parties

acknowledge that the terms of the Stipulation are contractual and are the product of negotiations between the parties and their counsel.  Each party and their counsel cooperated in the drafting and preparation of the Stipulation.  In any construction to be made of the Stipulation, the Stipulation shall not be construed against any party.

2.11.14  With the exception of the Notice and opt-in procedures provided herein, Neither Plaintiffs' Counsel, the Representative Plaintiff nor the Current Opt-In Plaintiffs shall publicize or discuss this Lawsuit or the terms of this Stipulation with any members of the media or otherwise intentionally cause this Lawsuit or the terms of this Stipulation to be publicized or reported via the media, including the Internet.

2.11.15  Neither Plaintiffs' Counsel, the Representative Plaintiff nor Current Opt-In Plaintiffs shall solicit or initiate communications with Members of the Class who have not become Settlement Class Members about joining the Litigation or the Settlement.

2.11.16  Plaintiffs' Counsel may communicate with Settlement Class Members, once they have become Settlement Class Members, about this Stipulation and its terms.

2.11.17  The parties shall support the settlement and shall not discourage any Class Member from participating in this Settlement.

2.11.18  The United States District Court for the Western District of Texas shall have continuing jurisdiction to construe, interpret, and enforce the provisions of this Agreement, to supervise the administration and distribution of

the Settlement Sum, and to hear and adjudicate any dispute or litigation arising

from this Agreement or the issue of law and facts asserted in the collective action

litigation until a final order of dismissal is signed by the Court.


READ AND AGREED TO:

Date:_____


_____

Yamen E. Slaieh
Representative Plaintiff


_____

MICHAEL L. FORMAN
Texas State Bar No. 24010030
VANESSA M. KELLY
Texas State Bar No. 24060079
Brown Pruitt Peterson & Wambsganss, P.C.
201 Main Street, Suite 801
Ft. Worth, Texas  87102
Telephone:  (817) 338-4888
Facsimile:   (817) 338-0700

DAVID L. KERN
Texas State Bar No. 11334450
Kern Law Firm
1300 North El Paso Street
El Paso, Texas  79902
Telephone:  (915) 542-1900
Facsimile:   (915) 242-0000

**ATTORNEYS FOR PLAINTIFFS**

Michael Parsons
General Counsel
Carino's Italian Kitchen, Inc.

THOMAS E. REDDIN
Texas State Bar No. 16660950
Winstead PC
5400 Renaissance Tower
1201 Elm Street
Dallas, Texas  75270
Telephone:  (214) 745-5650
Facsimile:   (214) 745-5390

**ATTORNEYS FOR DEFENDANT**