UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| YAMEN E. SLAIEH,<br>On Behalf of Himself and Others<br>Similarly Situated<br><br>    Plaintiffs,<br><br>v.<br><br>CARINO'S ITALIAN KITCHEN, INC.,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. A09-CV-695LY |

**NOTICE OF SETTLEMENT AND OPPORTUNITY
TO PARTICIPATE IN SETTLEMENT**

To:   All persons who were employed as Servers by Carino's Italian Kitchen, Inc., Store No. 95 located at 5900 South Hulen Street, Fort Worth, Texas, 76135, between September 21, 2006 to September 23, 2009.

Re:   Wage and Hour Settlement regarding Carino's alleged failure to pay minimum wage or overtime compensation for all hours worked.

**PLEASE READ THIS NOTICE CAREFULLY
IT MAY AFFECT YOUR LEGAL RIGHTS**

## I. INTRODUCTION

This Notice of Settlement is to inform you that Carino's Italian Kitchen, Inc. (collectively "Carino's" or the "Company") has agreed to settle a wage and hour collective action lawsuit ("the Settlement") filed by Plaintiff Yamen E. Slaieh ("Representative Plaintiff"), individually, and on behalf of a class of others similarly situated ("the Lawsuit"). The Representative Plaintiff claims in the Lawsuit that Carino's violated the Fair Labor Standards Act ("FLSA") wage law by requiring Servers to perform certain work before clocking in and after clocking out and as a result, allegedly failed to pay all wages required by law due to Servers employed at the Carino's Italian restaurant, Store No. 95, located at 5900 South Hulen Street, Forth Worth, Texas, between September 21, 2006 and September 23, 2009 (the "Class Period"). This Notice is to inform you about your right to join the Lawsuit, become a Class Member, and receive your share of the settlement funds from the Settlement.

## II. DESCRIPTION OF THE LAWSUIT

On September 21, 2009, the Representative Plaintiff filed the Lawsuit as a Fair Labor Standards Act ("FLSA") wage and hour collective action complaint in the United States District

Court for the Western District of Texas, on behalf of himself and all similarly situated Servers ("Class Members") employed at the above-referenced Carino's restaurant alleging violation of the FLSA and seeking back pay for non-payment of wages, interest, liquidated damages and attorneys' fees. The parties agreed to a stay of the Lawsuit to allow the parties to pursue settlement negotiations. The parties reached the Settlement on January 20, 2010.

Carino's denies the allegations in Plaintiffs' Complaint and does not admit to any wrongdoing or liability. Carino's contends that its policies and practices regarding compensation and timekeeping of its Servers were in compliance with the law at all times. Carino's wishes to settle this litigation, however, to avoid costly, disruptive and time-consuming litigation.

The Representative Plaintiff has consulted with his counsel and recognizes the risks inherent in this litigation, including the risk that Carino's may prevail in its position that it has not violated the FLSA. As such, the Representative Plaintiff has negotiated a settlement that provides for direct monetary payments to himself and the Class in the Lawsuit. On _____, the Court approved the Settlement and certified this case as a collective action under Section 16(b) of the FLSA for settlement purposes. This Notice is being sent to you because Carino's records indicate that you were employed as a Server between September 21, 2006 and September 23, 2009, and have not yet opted-in to this case. As such, you are eligible to join the Lawsuit as a Class Member and receive your share of the Settlement.

### III. TERMS OF THE SETTLEMENT AGREEMENT

Carino's has agreed to pay a pre-determined amount depending upon the number of persons who join this Lawsuit into a Settlement Fund to resolve all claims raised in the Lawsuit. This fund will be used (1) to pay the Named Plaintiff, the plaintiffs who have already opted into this lawsuit ("Current Opt-In Plaintiffs"), and individuals who file timely Consent to Join and Release Forms pursuant to this Notice (collectively "Class Members") and (2) to pay Plaintiffs' attorneys' fees and costs in the Lawsuit.

If you timely file the Consent to Join and Release Form included with this Notice, you will receive your share of the Settlement Fund from Carino's. As provided in the Settlement, the amount you receive will ultimately depend on how many full Qualifying Workweeks you worked during the Class Period and how many Settlement Class Members join this settlement. Though we cannot provide you with the exact amount you will receive until the number of Class Members is known, your share of the Settlement Fund is defined in the Settlement as a *pro rata* share of the Settlement Fund, less applicable withholdings, which is based on an amount equal to the product of 2.5 hours per Qualifying Workweek for each full Qualifying Workweek you worked during the Class Period, multiplied by (i) the Minimum Pay Rate in effect during the applicable Qualifying Workweek for any portion of the 2.5 hours that would have been less than 40 hours worked in each Qualifying Workweek, or (ii) the Minimum Overtime Rate in effect during each Qualifying Workweek for any portion of the 2.5 hours that would have been greater than 40 hours worked in each Workweek (the "Base Amount"). In addition, Carino's will pay an amount that is equal to fifty percent (50%) of the Base Amount for liquidated damages and interest.

**If you wish to participate in the settlement of this case, you must mail the enclosed Consent to Join Form and Release postmarked on or before [90 days from date notice is sent].** No late Consent to Join and Release Forms will be considered, unless the Court in its discretion finds good cause for the Consent being late. If you do not wish to participate in this settlement, you do not need to do anything and you will automatically be excluded from the settlement. In that event, you should understand that the statute of limitations is running and will continue to run on any claims you may be able to assert. As a result, if you do not join in the Lawsuit, or promptly assert your own lawsuit, you may not be able to recover any money for any unpaid hours you believe you worked for Carino's.

This general summary of the Settlement Agreement does not include all of the terms and conditions of the proposed settlement. The only complete statement of the terms of the Settlement Agreement is found in the actual Stipulation of Settlement of a Collective Action and Proposed Notice to Class Members, which was approved by the Court on _____. Copies of the Stipulation of Settlement are available from the Plaintiffs' Counsel or you may also inspect the Court file at the Office of the Clerk of the United State District Court for the Western District of Texas, 200 W. 8th Street, Austin, Texas 78701. **Please do not call or contact the Judge or personnel in the Judge's chambers.**

### IV. OPPORTUNITY TO FILE A CONSENT TO JOIN AND RELEASE FORM

To participate in the settlement of this case, you must complete and return the enclosed Consent to Join and Release Form postmarked on or before **[90 days from date notice is sent out) to:** _____. If your Consent to Join and Release Form is not postmarked on or before **[90 days from date notice is sent out]**, you will not be able to participate in the Settlement of this case and will not receive any payment from the Settlement Fund.

### V. BINDING EFFECT AND RELEASE OF CLAIMS

In exchange for receiving your share of the Settlement Fund you must release, acquit, discharge and covenant not to sue Carino's Italian Kitchen, Inc., by executing and returning the enclosed Consent to Join and Release Form and agreeing to the terms therein.

After all timely submitted Consent to Join Forms are received, the Plaintiffs' Counsel will mail two separate settlement checks to the Settlement Class Members. One check will be for back pay and this payment is considered wages and shall be subject to the withholding of all applicable local, state and federal taxes, and shall be reported to the IRS on a Form W-2 for the year in which payment is made. The other check will be payment for liquidated damages and interest which is considered non-wage income. You will be responsible for paying the appropriate taxes on this amount, and Carino's will issue and report such amount to the I.R.S. on a Form 1099.

## VI. ATTORNEYS' FEES AND COSTS AND SETTLEMENT ADMINISTRATION COST

Carino's has agreed to pay Plaintiffs' Counsel's a separate amount for attorneys' fees, costs, and administrative costs and you will not have to pay any money to the attorneys from the portion of the Settlement Fund you receive.

## VII. FURTHER INFORMATION

If you have any questions about the settlement, you may contact the Plaintiffs' Counsel at the addresses, phone numbers and e-mail addresses listed below:

| | |
|---|---|
| David L. Kern, Esq. | Michael L. Forman, Esq. |
| Kern Law Firm | Vanessa M. Kelley, Esq. |
| 1300 North El Paso Street | Brown Pruitt Peterson & Wambsganss, P.C. |
| El Paso, Texas 79902 | 201 Main Street, Suite 801 |
| (915) 542-1900 - Telephone | Ft. Worth, Texas 76102 |
| (915) 242-0000 – Fax | (817) 338-4888 - Telephone |
| dkern@kernlawfirm.com | (817) 338-0700 - Fax |
| | Email: mforman@brownpruittlaw.com |
| | Email: vkelley@brownpruittlaw.com |

## VIII. NO RETALIATION OR DISCRIMINATION

The Company is committed to the terms of this Settlement and will not retaliate against any current Carino's employees who choose to participate in the Settlement. Federal law prohibits any such retaliation. Moreover, Carino's has voluntarily agreed to the terms of this Settlement Agreement. Both current and former Carino's employees are eligible to participate in the settlement if they were employed as Servers between September 22, 2006 and September 23, 2009.

## IX. NO OPINION EXPRESSED AS TO THE MERITS OF THE CASE

On _____, 2010, the Court approved the Stipulation of Settlement and found that the settlement was fair and reasonable. However, the Court has expressed no opinion regarding the merits of the Plaintiffs' claims or the merits of Defendant's defenses. **Please do not write or call the Judge or personnel in the Judge's Chambers regarding this Settlement.**

Dated: _____          _____
                                         Clerk
                                         United States District Court for the Western
                                         District of Texas